UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/05/2023
```

----------------------------------------------------------------------X
                                               :

TRUSTEES OF THE NEW YORK CITY DISTRICT    :
COUNCIL OF CARPENTERS PENSION FUND,     :
WELFARE FUND, ANNUITY FUND, AND          :
APPRENTICESHIP, JOURNEYMAN RETRAINING,  :         22-cv-10632 (LJL)
EDUCATIONAL AND INDUSTRY FUND, *et al.*   :

                                  :
                  Petitioners,     :         MEMORANDUM &
                                    :         ORDER
                                    :
         -v-                         :
                                    :

809 SOLUTIONS LLC D/B/A ERECTOR MASTERS,  :

                                  :
                  Respondent.     :

----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Petitioners Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund ("ERISA Funds" and the trustees thereof, the "Trustees of the ERISA Funds"),

Trustees of the New York City Carpenters Relief and Charity Fund ("Charity Fund" and the

trustees thereof, the "Trustees of the Charity Fund"), and Carpenter Contractor Alliance of

Metropolitan New York ("CCA Metro," and, together with the Trustees of the ERISA Funds and

the Trustees of the Charity Fund, "Petitioners") move, pursuant to Section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm an

arbitral award entered by the arbitrator Daniel Engelstein against Respondent 809 Solutions LLC

d/b/a Erector Masters ("Respondent"). *See* Dkt. No. 1 ("Petition" or "Pet."). Respondent has not

opposed the Petition. For the reasons that follow, the Petition is granted.

## BACKGROUND

The following facts are undisputed and are taken from the Petition and evidence submitted in support of the Petition.

The Trustees of the ERISA Funds are employer and employee trustees of multi-employer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Pet. ¶ 4. The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). *Id.* The Trustees of the Charity Fund are trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). *Id.* ¶ 5. CCA Metro is a New York not-for-profit corporation. *Id.* ¶ 6. Respondent is a domestic limited liability company organized under New York state law and is an employer under ERISA, 29 U.S.C. § 1002(5), in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Pet. ¶ 7. The dispute concerns Respondent's failure to pay the amount it owed the ERISA Funds, the Charity Fund, and CCA Metro (collectively, the "Funds") for the period December 3, 2020 through December 26, 2021. *See id.* ¶ 22.

The relationship between Petitioners and Respondent arose from work that Respondent performed on a project for the New York School Construction Authority in the Bronx, New York (the "Project"). *Id.* ¶¶ 8–9. In connection with the Project, Respondent executed a sub-contractor affidavit that subjected it to the New York City School Construction Authority Project Labor Agreement (the "PLA"). *Id.* ¶¶ 9–10. Under the PLA, Respondent was bound to the Independent Building Construction Agreement (the "CBA") with the New York City District Council of Carpenters (the "Union"), including during the period from July 1, 2017 through June 30, 2024. *Id.* ¶¶ 10–13. The CBA requires Respondent to pay contributions to the Funds on behalf of its employees who fall under the union's trade and geographical jurisdiction and to

adhere to the Funds' policies, rules, and regulations.  *Id.* ¶¶ 14–15.  The Funds' trustees established a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"), to which Respondent is also bound and which provides for the resolution of disputes through arbitration.  *Id.* ¶¶ 16–17.

The CBA and Collection Policy provide that the Funds are permitted to audit employers subject to their terms.  *Id.* ¶¶ 18–19.  Pursuant to the CBA and Collection Policy, Petitioners conducted an audit of Respondent during the period from December 3, 2020 through December 26, 2021, which uncovered that Respondent had failed to remit contributions in the amount of $9,454.08.  *Id.* ¶ 22.  The auditors reviewed their findings with Respondent and sent formal notice of the report.  Dkt. No. 1-10 at 2.  Respondent refused to pay the amount set forth in the audit findings within the required time period.  Pet. ¶ 23; *see* Dkt. No. 1-10 at 2.

On or about August 4, 2022, Petitioners served Respondent a notice of intent to arbitrate. Dkt. No. 1-10 at 2.  On or about August 26, 2022, Petitioners served Respondent with a Notice of Hearing, which set the hearing date for September 20, 2022.  *Id.*; *see* Dkt. No. 1-9.  The Notice of Hearing specifically advised Respondent that failure to appear might result in a default award.  Dkt. No. 1-9.  On September 19, 2019, Respondent was notified that the hearing would be held virtually.  Dkt. No. 1-10 at 2.

Counsel for Petitioners appeared before arbitrator David Engelstein on September 20, 2022, along with a representative of the independent accounting firm that conducted the audit and a representative of Petitioners.  *Id.* at 2.  Respondent did not appear or request an adjournment or extension of time.  *Id.*  Engelstein found Respondent to be in default and heard evidence on the merits.  *Id.*  The representative of the independent accounting firm explained that

the firm reviewed the results of the audit with Respondent on or about June 29, 2022, and that Respondent did not contest the audit's findings.  *Id.*

Engelstein issued an award on September 22, 2022 (the "Award").  Pet. ¶ 25; Dkt. No. 1-10 at 3.  The Award found that Respondent had been "delinquent in its contribution obligations."  Dkt. No. 1-10 at 3.  Accordingly, Engelstein ordered Respondent to pay Petitioners $19,649.72, consisting of $9,454.08 in contributions, $4,298.75 for auditor fees, $1,890.82 in liquidated damages, $1,500 for attorneys' fees, $1,000 for arbitration costs, $841.81 of accrued interest as of September 2022, $658.18 for non-audit late payment interest, and $6.08 in promotional fund contributions.  *Id.*  Engelstein also awarded interest at a rate of 6.75% and conditionally awarded Petitioners $402 for filing fees, which would be deemed to be included in the Award if Petitioners sought judicial enforcement of the Award.  *Id.*

On September 29, 2022, Petitioners demanded payment of and compliance with the Award from Respondent.  Pet. ¶ 28; *see* Dkt. No. 1-11.  Because Respondent had not yet complied with the Award, Pet. ¶ 29, Petitioners filed this Petition to confirm the Award on December 16, 2022, Dkt. No. 1, along with a memorandum of law in support of the Petition, Dkt. No. 5.  The Petition also seeks reasonable attorneys' fees and costs for enforcing the award, as permitted by the CBA and Collection Policy.  Pet. ¶¶ 32–35; *see* Dkt. No. 1-13 ("Proposed Judgment").  Petitioners seek (a) confirmation of the Award; (b) $20,049.72 representing the outstanding balance of the original award (including $400 for the filing fee[1]) plus 6.75% interest; (c) $2,350 in attorneys' fees and $75 in costs arising out of this proceeding; and (d) post-

---

[1] Although Petitioners are entitled to the full $402 filing fee under the Award, *see* Dkt. No. 1-10 at 3, Petitioners appear only to have requested $400 of this amount, *compare* Dkt. No. 1-10 at 3 (awarding Petitioners $19,649.72 plus $402 if Petitioners seek judicial enforcement of the Award), *with* Pet. at 7 (requesting judgment in the amount of $20,049.72).

judgment interest at the statutory rate for civil awards under 28 U.S.C. § 1961.  Dkt. No. 1-13;

Pet. at 7.

Petitioners served the summons, Petition, memorandum of law in support of the Petition,

and Civil Rule 7.1 Statement on Respondent on December 20, 2022.  Dkt. No. 7.  On January 26,

2023, the Court issued an order directing Respondent to file opposition papers by February 9,

2023, and Petitioner to serve a copy of the order on Respondent.  Dkt. No. 9.  Petitioners served

the order on Respondent that same day.  Dkt. No. 10.  Respondent has neither entered an

appearance nor filed opposition papers in this matter.

## DISCUSSION

The Second Circuit has instructed that when a party has submitted an uncontested

petition to confirm an arbitral award, the court should treat the petition and accompanying

materials "as akin to a motion for summary judgment based on the movant's submissions."  *D.H.

Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).  The court must "examin[e] the

moving party's submission to determine if it has met its burden of demonstrating that no material

issue of fact remains for trial."  *Id.* at 110 (internal quotation marks omitted) (quoting *Vt. Teddy

Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).  "If the evidence submitted

in support of the summary judgment motion does not meet the movant's burden of production,

then summary judgment must be denied even if no opposing evidentiary material is presented."

*Id.*

The burden on the petition to confirm an arbitral award is not onerous.  "The arbitrator's

rationale for an award need not be explained, and the award should be confirmed 'if a ground for

the arbitrator's decision can be inferred from the facts of the case.'"  *Id.* (quoting *Barbier v.

Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).  Courts may not review an

arbitrator's decision on the merits but may only "inquire as to whether the arbitrator acted within

the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016).

The Court has examined the Petition and the supporting materials and treats them as an unopposed motion for summary judgment. The Court has subject matter jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185. *See Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."); *see also Riverbay Corp. v. Serv. Emps. Int'l Union*, 2023 WL 2136423, at *4 (S.D.N.Y. Feb. 21, 2023) (noting that the LMRA provides an independent basis for federal question jurisdiction in petitions to confirm arbitration awards). Venue is proper pursuant to 29 U.S.C. § 185(c) because the Union maintains its principal office in this District, Pet. ¶ 3, and 9 U.S.C. § 9 because the Award was rendered in this district, Dkt. No. 1-10 at 4. The Court has personal jurisdiction over Respondent, which has its principal place of business and office in New York. Pet. ¶ 7.

After addressing the Petition to confirm the Award, the Court reviews Petitioners' request for attorneys' fees.

## I.    Confirmation of the Arbitral Award

Based on a review of the materials submitted by Petitioners and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioners are entitled to confirmation of the Award. Fed. R. Civ. P. 56(a).

First, Petitioners have provided evidence that the parties agreed to arbitrate their claim. The CBA provides:

> Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator . . . The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy.

Dkt. No. 1-3, Art. XVI, § 7.  This dispute arose from Respondent's failure to pay benefit fund contributions as required by the CBA, Pet. ¶ 14; *see* Dkt. No. 1-3, Art. XV § 1, and falls within the scope of the CBA's broad arbitration clause, *see Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Piccini MNM, Inc.*, 2021 WL 1791591, at *2 (S.D.N.Y. May 5, 2021).

Second, Petitioners have provided sufficient evidence to show that Respondent was bound to the PLA and CBA, which obligated it to make certain payments to the Funds, Pet. ¶¶ 11, 14; *see* Dkt. No. 1-2, Art. 11, § 2; Dkt. No. 1-3, Art. XV § 1, and that Respondent failed to make all such payments, Pet. ¶ 22.  Petitioners submitted this evidence, including the testimony of a representative of their accounting firm, during the arbitral hearing.  Dkt. No. 1-10 at 2. Based on this record, Engelstein found that the Funds were entitled to $19,649.72, which included the missed contributions, interest as of the hearing date, liquidated damages, non-audit late payment interest, auditor's fees, attorneys' fees, and arbitration costs.  *Id.* at 3.

"Accordingly, there is more than a 'barely colorable justification for the outcome reached.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Morgan Marine LLC*, 2017 WL 11570458, at *3 (S.D.N.Y. Oct. 2, 2017) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)); *see also Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. JB Squared Constr. Corp.*, 2020 WL 6825693, at *4 (S.D.N.Y. Nov. 19, 2020).  Engelstein stated the reasons for the Award

in his written decision, and he acted within the scope of his authority in issuing the Award. *See* Dkt. No. 1-10 at 3; *see also* Pet. ¶¶ 17, 26. Further, despite being properly served, Respondent did not appear in this case to dispute any of the auditor's or Engelstein's findings, nor did it dispute the content of the Award. This Court is therefore obligated to confirm the Award.

## II.    Attorneys' Fees

Petitioners request reasonable attorneys' fees and costs expended to enforce the Award. *See* Pet. ¶ 34. Petitioners request a total of $2,530 in attorneys' fees, reflecting 9.2 hours of work performed by two associates at Virginia & Ambinder LLP ("V&A"), Maura Moosnick and Matthew Vani, and $75 in costs. *See id.* ¶¶ 39–40; Dkt. No. 1-12. Both associates, recent graduates of law school, billed at a rate of $275 per hour. Pet. ¶¶ 35–36; *see also* Dkt. No. 12. These "rates are the result of negotiations between [counsel] and the [Petitioners]." Pet. ¶ 38.

The Court finds that Petitioners are entitled to attorneys' fees and costs incurred in connection with this petition. Attorneys' fees and costs are recoverable under the CBA. *See* Dkt. No. 1-3, Art. XV § 6 (providing, in relevant part, that in cases where the Funds seek to collect delinquent contributions, and if a court rules in favor of the Funds, the employer is required to pay litigation costs and attorneys' fees). Even if Petitioners were not entitled to reasonable attorneys' fees and costs under the CBA, the Court would award attorneys' fees and costs because "[c]ourts ' . . . routinely award[] attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'" *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) (alteration accepted) (quoting *Trs. of the N.Y.C Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013)).

8

However, the Court will not award the full amount of attorneys' fees requested by Petitioners. To calculate reasonable attorneys' fees, "district courts use the lodestar method— hours reasonably expended multiplied by a reasonable hourly rate." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). A reasonable hourly rate is a rate that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "[T]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 F. App'x 355, 359 (2d Cir. 2021) (quoting *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019)). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). In support of Petitioners' request for attorneys' fees, Petitioners' counsel submitted an invoice listing the tasks completed, the hourly billing rates, and the total hours billed. Dkt. No. 1-12; *see also* Pet. ¶ 34 (stating that the time records were contemporaneous). Maura Moosnick, a 2021 graduate of Fordham University School of Law, billed 1.2 hours, and Matthew Vani, a 2022 graduate of St John's University School of Law, billed eight hours. Pet. ¶¶ 35–36. Both associates billed at a rate of $275 per hour.

After reviewing Moosnick's and Vani's time records, the Court finds that 9.2 hours is greater than was necessary to prosecute this case. V&A has billed significantly fewer hours in cases similar to this one. *See Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare*

9

*Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Genrus Corp.*, 2022 WL 3536134, at *4 (S.D.N.Y. Aug. 18, 2022) (finding that 3.3 hours of work, 0.7 of which were billed by Moosnick and 2.6 of which were billed by a legal assistant, reasonable for unopposed petition to confirm arbitration); *Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Land Cruising Properties Inc.*, 2022 WL 1125623, at *6 (S.D.N.Y. Apr. 15, 2022) (determining that 3.3 hours of work completed by a partner and a senior associate was reasonable).  Several of the time entries reflect what can be classified as training for Vani, a recent law school graduate.  *See* Dkt. No. 1-12.  The Court will thus reduce Vani's hours by 20%, to 6.4 hours, and Moosnick's hours by 15%, to one hour.  *See Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (a district court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items.").

Regarding hourly rates, this Court finds that $275 per hour for the work performed by Moosnick and Vani exceeds the appropriate rate for associates of their tenure.  Both Moosnick and Vani have less than two years of experience as lawyers.  Pet. ¶¶ 35–36.  Courts in this District have awarded associates performing similar work hourly rates of $225 per hour.  *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Architectural Metal Concept LLC*, 2022 WL 14119808, at *6 (S.D.N.Y. Oct. 22, 2022) (collecting cases and setting Moosnick's rate at $225 per hour); *Genrus Corp.*, 2022 WL 3536134, at *5 (same); *Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. William Somerville, Inc.*, 2021 WL 6065761, at *5 (S.D.N.Y. Dec. 22, 2021) (finding that $225 represents "the upper bound of prevailing rates

10

in this District" for associates with 2–3 years of experience working on ERISA matters); *Piccini MNM, Inc.*, 2021 WL 1791591, at *4 (noting that "[o]ther courts in this district have concluded that $225 an hour is an appropriate rate for associates of similar experience in ERISA matters"); *see also Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. CEI Contractors Inc.*, 2022 WL 3225680, at *5 (S.D.N.Y. Aug. 10, 2022) (setting a rate of $250 per hour for a 2016 law school graduate); *Land Cruising Properties Inc.*, 2022 WL 1125623, at *7 (same). Accordingly, the Court adjusts the hourly rate of both Moosnick and Vani to $225.

Based on the submitted time records and reduction in hours, these rates yield a total award of $1,665 in attorneys' fees.  The Court also grants Petitioners $75 in costs, "near a standard cost to bring actions in this District."  *Genrus Corp.*, 2022 WL 3536134, at *5.

11

**CONCLUSION**

For the reasons stated above, the Petition is GRANTED and the Award is CONFIRMED. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $20,049.72 in damages plus interest at a rate of 6.75% from September 20, 2022, through the date of judgment, and $1,665 in attorneys' fees and costs.  In addition, Petitioners are entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a).  See *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

The Clerk of Court is also respectfully directed to close the case and terminate all pending motions.

SO ORDERED.

Dated:  April 5, 2023
       New York, New York          _____
                                          LEWIS J. LIMAN
                                       United States District Judge